IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

REBA LYNN MCLAUGHLIN (11)

NO. 2:25-CR-003-Z (11)

## FACTUAL RESUME

In support of Reba Lynn McLaughlin's plea of guilty to the offense in Count

Twelve of the indictment, McLaughlin, the defendant, Brooks Barfield, the defendant's

attorney, and the United States of America (the government) stipulate and agree to the

following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Twelve of the indictment, charging a

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to

Distribute Methamphetamine, the government must prove each of the following elements

beyond a reasonable doubt:[1]

*First*.     That the defendant knowingly possessed a controlled substance;

*Second*.     That the substance was in fact methamphetamine; and

*Third*.     That the defendant possessed the substance with the intent to
distribute it.

To "possess with intent to distribute" simply means to possess with intent to
deliver or transfer possession of a controlled substance to another person, with or without
any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Reba Lynn McLaughlin**
**Factual Resume—Page 1**

## STIPULATED FACTS

1.      On or about February 28, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, Reba Lynn McLaughlin, defendant, did knowingly or intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.      On December 15, 2023, Texas Department of Public Safety (DPS) officers conducted an operation in an attempt to purchase methamphetamine from Reba Lynn McLaughlin.  On that day, a Confidential Informant (CI) made contact with McLaughlin and arranged to purchase methamphetamine from McLaughlin's at her residence, located at 3609 NE 21st Avenue, Amarillo, Texas.  The CI traveled to McLaughlin's residence and met with McLaughlin.    McLaughlin retrieved the methamphetamine from a white box on her vanity and scooped out an amount for the CI.  The CI later met with DPS officers and provided them the methamphetamine.  The methamphetamine had a gross weight of 7.1 grams.[2]

3.      On December 21, 2023, February 22, 2024, and February 27, 2024, DPS officers conducted a purchase of methamphetamine from McLaughlin utilizing a CI.  On each occasion, McLaughlin sold the CI between seven and ten gross grams of methamphetamine.[3]   On February 22 and 27, 2024, McLaughlin retrieved the methamphetamine from a metal shed in the backyard of her residence.

---

[2] The DPS laboratory tested the substance and confirmed that it was, in fact, methamphetamine with a net weight of 6.11 grams.
[3] The DPS laboratory tested the substance from each purchase of methamphetamine from McLaughlin

**Reba Lynn McLaughlin**
**Factual Resume—Page 2**

4.      On February 28, 2024, the Texas DPS officers executed a state search warrant on McLaughlin's residence.  McLaughlin was located inside the residence during the execution of the warrant.

5.      During a search of the residence, officers located two clear baggies containing methamphetamine in a purse belonging to McLaughlin.  Officers also located five packages of methamphetamine in a wall safe and one baggie of methamphetamine on a desk in the metal shed.  Officers located amounts of controlled substances throughout the residence.  In total, officers seized approximately 901 gross grams of methamphetamine and approximately 172.9 gross grams of marijuana.

6.      On the same date, a DPS officer conducted an interview with McLaughlin. The officer read McLaughlin her *Miranda* warnings.  McLaughlin waived her rights and agreed to make a statement.  During the interview, McLaughlin admitted to possessing methamphetamine inside her residence.  She also claimed to have marijuana and a small baggie of cocaine inside the home. When asked about the methamphetamine found in the safe, McLaughlin stated that it would weight approximately a pound and the key to the safe was in her purse.

7.      The suspected methamphetamine seized from the residence was sent to the DPS Laboratory.  The DPS Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance.  The tested substance had a total net weight of 317.98 grams.

---

and confirmed that the substance was, in fact, methamphetamine. The methamphetamine had a gross weight of 5.24 grams (December 21, 2023), 7.69 grams (February 22, 2024), and 7.82 grams (February 27, 2024).

8.    McLaughlin admits that she knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

9.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Twelve of the indictment.

AGREED TO AND STIPULATED on this 14ᵗʰ day of _May_, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

Reba Lynn McLaughlin
Defendant

ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

Brooks Barfield
Attorney for Defendant