IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-003-Z (03) |
| TERRY DEON NOBLE (03) | |

## FACTUAL RESUME

In support of Terry Deon Noble's plea of guilty to the offense in Count One of the Superseding Information, Noble, the defendant, Bethany Stephens, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a controlled substance;

*Second.* That the substance was in fact methamphetamine; and

*Third.* That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Terry Deon Noble**
**Factual Resume—Page 1**

## STIPULATED FACTS

1. On or about April 14, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, Terry Deon Noble, defendant, did knowingly or intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On April 13, 2024, Drug Enforcement Administration (DEA) agents were investigating Terry Deon Noble for suspected drug trafficking. On that day, agents learned that Noble was traveling from Amarillo to Houston, Texas. Agents also learned that Noble may be traveling in a truck registered to David Keelin. Agents in Houston were able to locate Keelin's truck parked at a hotel in Houston, Texas.

3. On April 14, 2024, agents observed Keelin's truck leave Houston and travel towards Amarillo, Texas. At approximately 4:22 p.m., a Texas Department of Public Safety Trooper observed Keelin's pickup speeding near Childress, Texas. The Trooper conducted a traffic stop of Keelin's truck for the traffic violation. David Keelin was identified as the driver of the vehicle, and Noble was identified as the passenger. A DPS canine officer was called to the scene, and he utilized his canine to conduct a free-air sniff around the vehicle. The canine alerted to the odor of narcotics emitting from the vehicle.

4. DPS troopers conducted a probable cause search of the vehicle. During the search, troopers located twenty packages of suspected methamphetamine and one package of suspected cocaine. The suspected methamphetamine had a gross weight of

approximately 22.6 kilograms and the suspected cocaine had a gross weight of approximately one kilogram. This amount of methamphetamine and cocaine is consistent with distribution, as opposed to personal use.

5. DEA agents responded to Childress and conducted an interview with Noble. An agent read Noble his *Miranda* warnings. Noble waived his rights and agreed to make a statement. During the interview, Noble admitted that he had been distributing methamphetamine. Noble stated that he was released from prison in February 2023. He stated that he first began selling methamphetamine for a supplier in Amarillo, but the supplier raised his prices and Noble needed another source. Noble started working with his Houston source of supply for methamphetamine and cocaine in the summer of 2023. Noble admitted to purchasing kilograms quantities of methamphetamine from his source in Houston. Noble admitted that he received over 300 kilograms of methamphetamine and five kilograms of cocaine from his Houston source, which Noble distributed in the Texas Panhandle. Noble stated that he has taken four trips to obtain narcotics to Houston with Keelin. Noble admitted to supplying several coconspirators in Amarillo, Texas.

6. The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 19,761.2 grams and a purity level of approximately 99 percent.

7. The suspected cocaine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, cocaine, a Schedule II controlled substance. The substance had a total net weight of 995.6 grams.

8. Noble admits that he knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

9. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 21 day of May, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

_____
Terry Deon Noble
Defendant

_____
Bethany Stephens
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov