IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLOTTE ANN VILLANUEVA (05) | NO. 2:25-CR-003-Z (05) |

## FACTUAL RESUME

In support of Charlotte Ann Villanueva's plea of guilty to the offense in Count One of the Superseding Information, Villanueva, the defendant, David Sloan, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant and at least one other person made an agreement to commit the crime of possession with intent to distribute methamphetamine, as charged in the Superseding Information;

*Second.* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.* That one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the

---

[1] Fifth Circuit Pattern Jury Instruction 2.96 (5th Cir. 2024).

**Charlotte Ann Villanueva**
**Factual Resume—Page 1**

Superseding Information, in order to accomplish some object of purpose of the conspiracy.

The elements of Possession with Intent to Distribute Methamphetamine, a violation of 21 U.S.C. § 841(a)(1), are as follows:[2]

*First.* That the defendant knowingly possessed a controlled substance as charged in the Superseding Information;

*Second.* That the substance was in fact methamphetamine; and

*Third.* That the defendant possessed the substance with the intent to distribute it.

## STIPULATED FACTS

1. Charlotte Ann Villanueva admits and agrees that on or about August 1, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, she did knowingly and willfully combine, conspire, confederate, or agree with persons known or unknown to unlawfully, knowingly, and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Moreover, Villanueva admits that in furtherance of the conspiracy, she or other coconspirators, known or unknown, knowingly committed overt acts, including, but not limited to the following: On or about August 1, 2024, Villanueva and David Keelin possessed methamphetamine with the intent to distribute it. All in violation of Title 18, United States Code, Section 371.

---

[2] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).

**Charlotte Ann Villanueva**
**Factual Resume—Page 2**

2. On August 1, 2024, Drug Enforcement Administration (DEA) Agents conducted an operation to purchase one-pound methamphetamine from David Dewayne Keelin using a cooperating source (CS). On that day, the CS made several controlled phone calls to Keelin seeking to purchase methamphetamine from Keelin. During the calls, Keelin agreed to deliver one pound of methamphetamine to CS in Amarillo, Texas.

3. DEA agents conducted surveillance on Keelin in Memphis, Texas. Agents observed Keelin traveling toward Amarillo, Texas, in a blue Ford F-250. Once Keelin arrived in Amarillo, a DPS Trooper observed that the blue Ford F-250 had an expired registration, which is a violation of the Texas Transportation Code. Due to the violation, the trooper conducted a traffic stop on Keelin's vehicle in Potter County, Texas. The driver of the vehicle was identified as David Keelin and the front passenger was identified as Charlotte Villanueva.

4. While the trooper was writing Keelin a warning citation, another trooper utilized his narcotics canine to perform a free air sniff around the vehicle. The canine alerted to the presence odor of narcotics around the vehicle. Due to the canine alert, the troopers conducted a probable cause vehicle search. During the search, the troopers located a large zip top bag containing suspected methamphetamine.

5. During an interview, an agent read Keelin his *Miranda* warnings. Keelin waived his rights and agreed to make a statement. During the interview, Keelin advised he was on his way to deliver methamphetamine to a friend in Amarillo, Texas. Keelin further advised he had methamphetamine and cocaine in his residence located at 1501 W. Brice St., Memphis, Texas 79245.

6. Agents also conducted an interview with Villanueva. An agent read Villanueva her *Miranda* warnings. Villanueva waived her rights and agreed to make a statement. During the interview, Villanueva advised that prior to leaving Keelin's residence, Keelin received a call from a friend, who asked for a pound of methamphetamine. Villanueva stated that she and Keelin were traveling to Amarillo to deliver the methamphetamine to Keelin's friend. Villanueva advised that Keelin brought a box from the house and placed it inside the vehicle. Villanueva stated that she knew there was a pound of methamphetamine inside the box. Villanueva stated before they left the house, she handed Keelin the box containing the methamphetamine. Villanueva advised she touched the bag containing the methamphetamine and her fingerprints would be on the bag.

7. The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 346.4 grams and a purity level of approximately 97 percent.

8. Villanueva admits that she knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

9. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

**Charlotte Ann Villanueva**
**Factual Resume—Page 4**

AGREED TO AND STIPULATED on this 5th day of June, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

_Charlotte Villanueva_
Charlotte Ann Villanueva
Defendant

_Anna Marie Bell_
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_David Sloan_
David Sloan
Attorney for Defendant