IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | | NO. 2:25-CR-003-Z (04) |
| DAVID DEWAYNE KEELIN (04) | | |

## FACTUAL RESUME

In support of David Dewayne Keelin's plea of guilty to the offense in Count Six of the indictment, Keelin, the defendant, Eric Coats, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Six of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*    That the defendant knowingly possessed a controlled substance;

*Second.*    That the substance was in fact methamphetamine; and

*Third.*    That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**David Dewayne Keelin**
**Factual Resume—Page 1**

## STIPULATED FACTS

1.      On or about August 1, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, David Dewayne Keelin, defendant, did knowingly or intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.      On August 1, 2024, Drug Enforcement Administration (DEA) Agents conducted an operation to purchase one-pound of methamphetamine from David Dewayne Keelin using a cooperating source (CS).  On that day, the CS made several controlled phone calls to Keelin seeking to purchase methamphetamine from Keelin. During the calls, Keelin agreed to deliver one pound of methamphetamine to the CS in Amarillo, Texas.

3.      DEA agents conducted surveillance on Keelin in Memphis, Texas.  Agents observed Keelin traveling toward Amarillo, Texas, in a blue Ford F-250. Once Keelin arrived in Amarillo, a DPS Trooper observed that the blue Ford F-250 had an expired registration, which is a violation of the Texas Transportation Code.  Due to the violation, the trooper conducted a traffic stop on Keelin's vehicle in Potter County, Texas. The driver of the vehicle was identified as David Keelin and the front passenger was identified as Charlotte Villanueva.

4.      While the trooper was writing Keelin a warning citation, another trooper utilized his narcotics canine to perform a free air sniff around the vehicle. The canine alerted to the presence odor of narcotics around the vehicle. Due to the canine alert, the

David Dewayne Keelin
Factual Resume—Page 2

troopers conducted a probable cause vehicle search. During the search, the troopers located a large zip top bag containing suspected methamphetamine.

5.    During an interview, an agent read Keelin his *Miranda* warnings. Keelin waived his rights and agreed to make a statement. During the interview, Keelin advised he was on his way to deliver methamphetamine to a friend in Amarillo, Texas. Keelin further advised he had methamphetamine and cocaine in his residence located at 1501 W. Brice St., Memphis, Texas 79245. During a consensual search of Keelin's residence, agents located 256.9 net grams of cocaine, 30.567 net grams of cocaine base, and 234.696 net grams of methamphetamine.

6.    Agents also conducted an interview with Villanueva. An agent read Villanueva her *Miranda* warnings. Villanueva waived her rights and agreed to make a statement. During the interview, Villanueva advised that prior to leaving Keelin's residence, Keelin received a call from a friend, who asked for a pound of methamphetamine. Villanueva stated that she and Keelin were traveling to Amarillo to deliver the methamphetamine to Keelin's friend.

7.    The suspected methamphetamine located in Keelin's vehicle was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 346.4 grams and a purity level of approximately 97 percent.

8.    Keelin admits that he knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

David Dewayne Keelin
Factual Resume—Page 3

9.     The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Six of the indictment.

AGREED TO AND STIPULATED on this 25th day of June _____, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
David Dewayne Keelin
Defendant

_____
Eric Coats
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

David Dewayne Keelin
Factual Resume—Page 4