IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-003-Z (12) |
| MARIO SOCORRO MARTINEZ (12) | |

## FACTUAL RESUME

In support of Mario Socorro Martinez's plea of guilty to the offense in Count Thirteen of the indictment, Martinez, the defendant, Ryan Brown, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Thirteen of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Distribution and Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly possessed a controlled substance;

*Second.*   That the substance was in fact methamphetamine; and

*Third.*   That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Mario Socorro Martinez**
**Factual Resume—Page 1**

## STIPULATED FACTS

1. On or about March 4, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, Mario Socorro Martinez, defendant, did knowingly or intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On March 4, 2024, Drug Enforcement Administration (DEA) agents utilized a confidential source (CS) to make a controlled purchase of methamphetamine from Terry Deon Noble. The CS conducted several consensually recorded phone calls to Noble to coordinate the purchase of one-quarter pound of methamphetamine for $1,000. The CS received a call from a man identified as "Mario," who informed the CS that Noble had to run some errands. The CS later spoke to Noble by phone. Noble advised the CS that he was sending Mario Martinez in his place to complete the transaction.

3. The CS arrived at the agreed meet location, 1718 SW 3rd Avenue, Amarillo, Texas, and waited to meet Martinez. A short time later, Martinez arrived in a white Jeep. Martinez exited his Jeep and entered the passenger seat of the CS's vehicle. The CS handed Martinez $1,000. Martinez tossed a mechanic's glove containing a green bag of methamphetamine to the CS. The CS left the location and met with law enforcement officers. The CS turned the methamphetamine over to the officers.

4. On July 3, 2024, Drug Enforcement Administration Agents executed a federal search warrant at Martinez's residence, located at 1505 S. Lincoln Street,

Amarillo, Texas. During the execution of the warrant, agents located Martinez at the residence and detained him.

5. An officer conducted an interview with Martinez. The officer read Martinez his *Miranda* warnings. Martinez waived his rights and agreed to make a statement. During the interview, Martinez admitted to being a poly-drug trafficker, stating that he sold methamphetamine, cocaine and marijuana. Martinez admitted that he sold drugs the day before the search warrant was executed. Martinez admitted to having a drug ledger, which was located by DEA agents in the front bedroom of Martinez's residence.

6. The suspected methamphetamine Martinez sold to the CS was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 115.7 grams and a purity level of approximately 96 percent.

7. Martinez admits that he knowingly distributed and possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

8. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Thirteen of the indictment.

AGREED TO AND STIPULATED on this 1st day of July, 2025.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

_____
Mario Socorro Martinez
Defendant

_____
Ryan Brown
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov